ANNETTE KINGSLAND ZIEGLER, J.
¶ 41. (concurring). I join the majority opinion. I concur and write separately to go further than the majority opinion and conclude that the plain language of Wis. Stat. § 343.303 "expressly bars" admission of preliminary breath test ("PBT") results in trials which involve operating a motor vehicle under the influence of an intoxicant *103 ("OWI").[1] See State v. Fischer, 2010 WI 6, ¶ 4, 322 Wis. 2d 265, 778 N.W.2d 629. In Fischer the court stated "the legislature's policy decision regarding the absolute inadmissibility of the PBT results under these circumstances simply could not be clearer." Id., ¶ 25. I wrote separately in Fischer, and concur in the case at issue, because I conclude that, as a matter of law, PBT results are neither reliable nor admissible for the purpose of proving a defendant's intoxication or specific alcohol concentration when either is an element of the crime charged.
¶ 42. While it is indeed true that precedent instructs us that under some circumstances PBT results may be deemed admissible, those cases do not approve of the admission of PBT results as proof of intoxication or a specific alcohol concentration when those factors are an element of the crime.[2] See State v. Doerr, 229 Wis. 2d 616, 622-25, 599 N.W.2d 897 (Ct. App. 1999) *104 (agreeing with the circuit court that PBT results were admissible at trial to assist the jury in evaluating the defendant's charges of battery to a law enforcement officer in violation of Wis. Stat. § 940.20(2) and resisting an officer in violation of Wis. Stat. § 946.41); State v. Beaver, 181 Wis. 2d 959, 969-71, 512 N.W.2d 254 (Ct. App. 1994) (concluding that PBT results may be admissible at trial as evidence of the defendant's comprehension of his Miranda rights or his ability to intelligently waive them).[3]
¶ 43. Thus, I conclude that the legislature has spoken and PBT results are not admissible for the purpose of confirming or dispelling intoxication or a specific alcohol concentration when these considerations are an element of the crime. Accordingly, I would conclude and decide that the PBT results were inadmissible as a matter of law.
¶ 44. For the foregoing reasons, I respectfully concur.
¶ 45. I am authorized to state that Justices PATIENCE DRAKE ROGGENSACK and MICHAEL J. GABLEMAN join this concurrence.

 Wisconsin Stat. § 343.303 provides, in relevant part:
The result of the preliminary breath screening test shall not he admissible in any action or proceeding except to show probable cause for an arrest, if the arrest is challenged, or to prove that a chemical test was properly required or requested of a person under s. 343.305(3).

 For example, in order to find Rocha-Mayo guilty of homicide by intoxicated use of a motor vehicle, contrary to Wis. Stat. § 940.09(1) (a) or (b), the State had to prove beyond a reasonable doubt that he (1) operated a motor vehicle, (2) caused the death of another by operation of that motor vehicle, and (3) was either under the influence of an intoxicant or had a prohibited alcohol concentration at the time he or she operated the motor vehicle. Wis JI — Criminal 1189. "[A]n alcohol concentration of more than 0.04 but less than 0.08 is relevant evidence on the issue of intoxication," Wis. Stat. § 885.235(1g)(b), and "an alcohol concentration of 0.08 or more is prima facie evidence" that the defendant was under the influence of an intoxicant, § 885.235(1g)(c).

 I recognize that PBT results are considered admissible at a probable cause hearing. Wis. Stat. § 343.303; State v. Faust, 2004 WI 99, ¶ 26, 274 Wis. 2d 183, 682 N.W.2d 371. PBT results are also utilized as a "screening tool" prior to arrest. See Cnty. of Jefferson v. Renz, 231 Wis. 2d 293, 313, 603 N.W.2d 541 (1999). Unlike the PBT, however, the Intoxilyzer provides for chemical testing that is subject to certain safeguards so to ensure reliability.